```
           IN THE UNITED STATES DISTRICT COURT              FILED
              NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION                  02 FEB -1 AM 9:09

                                                       U.S. DISTRICT COURT
                                                       N.D. OF ALABAMA
ENID CALVERT,                         )

     PLAINTIFF,                       )

VS.                                   )     CV00-H-2400-S

ADDICTION & MENTAL HEALTH             )                      ENTERED
SERVICES, D/B/A BRADFORD
HEALTH SERVICES,                      )
                                                             FEB - 1 2002
     DEFENDANT.                       )
```



## MEMORANDUM OF DECISION

The court has before it the September 5, 2001 motion of defendant for summary judgment in its favor with regard to the claims asserted by plaintiff in the complaint. Pursuant to the September 5, 2001 order, the motion was deemed submitted, without oral argument, on October 5, 2001.

### I. Procedural History

Plaintiff commenced this action on August 29, 2000 by filing a complaint asserting a claim under 42 U.S.C. § 1981 for termination of her employment because of her race.[1] Defendant's

---

[1] While the complaint only states a termination claim, defendant's motion and brief (filed prior to the October 17, 2001 pretrial order) attributes to the complaint a hostile work environment claim. See footnote 1 of defendant's brief. Defendant also seeks summary judgment as to that claim on the basis that plaintiff has failed to come forward with evidence to demonstrate that a reasonable person would find any alleged

motion for summary judgment asserts that there are no genuine issues of material fact regarding plaintiff's claim and that defendant is entitled to judgment as a matter of law. In support of its motion defendant submitted the evidence described in Document #11 and a brief (Doc. #10). In opposition to the motion plaintiff has submitted the evidence described in Document #13 and a brief (Doc. #14).

    Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings, which it believes demonstrate the absence of a genuine issue of material fact. <u>Id.</u>, at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions of file,

---

harassment sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment. The court agrees that there are no genuine issues of material fact and that plaintiff has failed to present a prima facie case for a hostile work environment claim. To the extent such a claim is present in this case, the judgment to be entered will be in favor of defendant as to that claim.

designate specific facts showing that there is a genuine issue for trial. Id., at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact, i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of

specific facts. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992)).

Plaintiff is an African-American female who began working for defendant as an evening supervisor on January 10, 2000, following an interview with Debra Sims (Caucasian) who became plaintiff's immediate supervisor. Plaintiff's duties largely involved the preparation and posting of employee schedules and the supervision of the evening shift mental health workers (also referred to as program service aides). Plaintiff was terminated July 7, 2000 shortly prior to the expiration of her six-month probation period. The decision to terminate plaintiff was made by Sydnee Bender (African-American), resources director, with input from Sims and William Weaver (Caucasian), the executive director of the facility which provides treatment of alcoholism and drug addition. While plaintiff maintains she was replaced by Jan Henderson (Caucasian) who was the floor supervisor under plaintiff, Henderson received only a portion of the duties of plaintiff. The other duties of plaintiff were assigned to Stan Frierson (African-American) and to Sheila Hargrove (African-American).

Defendant points out, and the court agrees, that plaintiff has failed to establish a claim of illegal employment discrimination through the use of direct evidence. Direct evidence is "[s]uch evidence [which], if believed, proves the existence of a fact in issue without inference or presumption." <u>Burns v. Gadsden State Community College</u>, 908 F.2d 1512 (11th

Cir. 1990). Cf. Wright v. Southland Corp., 187 F.3d 1287, 1293-94 (11th Cir. 1999) (per Tjoflat, J.) (defining direct evidence as "evidence from which a reasonable trier of fact could find, more probably than not, a causal link between an adverse employment action and a protected personal characteristic" and finding the outcomes reflected in prior case law consistent with that definition). Thus plaintiff's claim must be analyzed under the circumstantial (indirect) evidence method. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Combs v. Plantation Patterns, 106 F.3d 1519 (11th Cir. 1997). Even under that method defendant makes a strong argument that plaintiff has not established a prima facie case. However the court will assume the presence of a prima facie case because it is so readily apparent that plaintiff has failed to rebut each of defendant's proffered reasons for the challenged employment decision. See Combs, 106 F.3d 1528.

As noted earlier plaintiff has stated a claim under 42 U.S.C. § 1981 for disparate treatment racial discrimination associated with her July 7, 2000 termination as an employee of defendant. The court is aware that the summary judgment rule applies in job discrimination cases just as in other cases. See Chapman v. AI Transport, 229 F.3d 1012, 1025 (11th Cir. 2000) (en banc) (rejecting an earlier, contrary general rule and emphasizing that no thumb is to be placed on either side of the scale). The analysis of the plaintiff's claim will be determined not only by the nature of the allegations but also by the quality

of the evidence offered in support of those claims. See Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318 (11th Cir. 1998).

The court has assumed that plaintiff has shown a prima facie case, thereby raising the presumption of discrimination. Therefore the burden of production shifted to the defendant to proffer a legitimate and non-discriminatory reason for its actions. See Combs, 106 F.3d at 1528. While the evidence required to be produced must raise a genuine issue of fact as to whether the employer discriminated against the plaintiff, the employer's burden is so light as to be virtually weightless, meaning that the employer need merely put forth a legitimate reason for its actions and need not convince the court that the reason offered was the true, motivating force. See Tipton v. Canadian Imperial Bank of Commerce, 872 F.2d 1491, 1495 (11th Cir. 1989). Here defendant has satisfied that burden by articulating the following five non-discriminatory reasons for which defendant has articulated a clear and specific factual basis supporting each of such reasons:[2]

1. Plaintiff failed to exercise sound judgment in crisis situations.
2. Plaintiff failed to get along with her co-workers and subordinates.

---

[2] See Chapman, 229 F.3d at 1032 (A subjective reason is a legally sufficient, legitimate, non-discriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which the employer based its subjective opinion.).

> 3. Plaintiff failed to correctly perform her scheduling duties.
> 4. Plaintiff lacked interpersonal skills and the ability to communicate effectively.
> 5. Plaintiff failed to respond to her page when beeped.

Therefore the burden of production shifted to the plaintiff to offer evidence sufficient for a reasonable jury to conclude that the employer's supposedly legitimate reason is merely a pretext for illegal discrimination.[3]  Where, as here, the defendant articulates multiple, reasonable, legitimate and non-discriminatory reasons, plaintiff must rebut each of defendant's proffered reasons. Chapman, 229 F.3d at 1024-25. Although the prima facie case is irrelevant once the employer has offered a legitimate reason for its actions, the evidence of pretext may include the same evidence offered to establish the prima facie case. See Combs, 106 F.3d at 1528.

Despite this shifting of the burden of production between the plaintiff and the defendant under the McDonnell Douglas and Burdine framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Burdine, 450 U.S. at 253. Given that the ultimate burden of persuasion

---

[3] If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it. Simply quarreling with that reason is not sufficient. Chapman, 229 F.3d at 1030.

8

always lies with the employee, a plaintiff may prevail on an employment discrimination claim and may also defeat a summary judgment either by proving that intentional discrimination did indeed motivate the defendant or by producing sufficient evidence to allow a rational trier of fact to disbelieve the employer's proffered legitimate reasons, thus permitting but not compelling the trier of fact to make a finding of illegal discrimination. See Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2108-09 (2000) (pointing out that the production of the necessary sufficient evidence by plaintiff will not always prevent the employer from prevailing on a Rule 50 motion and suggesting that the strength of plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other properly considered evidence that supports the employer's case are among other factors to take into account in evaluating a Rule 50 motion).[4] St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Abel v. Dubberly, 210 F.3d 1334, 1339 (11th Cir. 2000); Alexander v. Fulton County, 207 F.3d 1303, 1336 (11th Cir. 2000); Combs, 106 F.3d at 1529-38 (interpreting Hicks and the post-Hicks case law); Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 920-21 (11th Cir. 1993).

Rather than presenting evidence sufficient for a reasonable jury to conclude that defendant's articulated legitimate reasons

---

[4] The court in Chapman modified the statement in Combs contrary to this holding in Reeves after noting that the standard for granting summary judgment mirrors the standard for judgment as a matter of law. See Chapman, 229 F.3d at 1025 n.11.

are merely pretexts for illegal discrimination, plaintiff's admissible evidence at best is "simply quarreling" with the reasons which is far different from meeting a reason "head on" and rebutting it.  <u>Chapman</u>, 229 F.3d at 1030.  Plaintiff also has failed to defeat defendant's summary judgment motion by the alternative method available to her, viz., by offering admissible evidence which, if believed, would prove that intentional discrimination did indeed motivate the challenged employment decision.  The court finds that no material issues of fact remain and that defendant is entitled to judgment as a matter of law as to the claims asserted by plaintiff.  A separate order will be entered.

DONE this 1st day of February, 2002.

SENIOR UNITED STATES DISTRICT JUDGE